# UNITED STATES DISTRICT COURT

_____ DISTRICT OF WYOMING _____

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

FEB 0 7 2006

Stephan Harris, Clerk
Cheyenne

UNITED STATES OF AMERICA

V.

**JAMES ALAN FRASER**

CRIMINAL COMPLAINT

CASE NUMBER: O6 M 19 J

    I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **December 29, 2005**, in Sweetwater County, in the District of Wyoming, the Defendant, **JAMES ALAN FRASER**, after having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess firearms: to wit, a Savage, Model 340C, .30-30 caliber, bolt action rifle, no visible serial number; Marlin, Model 30 TK, .30-30 caliber lever action rifle, serial number 11079580; Heritage Mfg, Model Rough Rider, .22 (magnum) caliber, single action revolver, serial number B84421; which had previously affected interstate commerce,

in violation of **Title 18 United States Code, Sections 18 U.S.C. §§ 922(g)(1) and 924(a)(2)**. I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, United States Department of Justice and that this complaint is based on the following facts:

    1. Your Affiant does hereby state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since March of 2000. In the course of such employment, your Affiant has received general and specific training with respect to investigations of violations of the Federal firearm and explosives laws.

Continued on the attached sheet and made a part hereof: X Yes     No

Signature of Complainant
**MICHAEL T. NALLIN**

Sworn to before me and subscribed in my presence,

**February 7, 2006**     at     **Cheyenne, Wyoming**

Date                                              City and State

**WILLIAM C. BEAMAN**
**United States Magistrate Judge**

Name & Title of Judicial Officer           Signature of Judicial Officer

## AFFIDAVIT OF MICHAEL T. NALLIN
## IN SUPPORT OF COMPLAINT - *U.S. v. JAMES ALAN FRASER* (Continued)

2. Your Affiant is a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. As a result of training and experience as an ATF Special Agent, is familiar with Federal criminal laws and knows that it is a violation of 18 U.S.C. § 922(g)(1) for a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess firearms.

3. On January 19, 2006, Affiant reviewed a report received from Detective Tom Jarvie of the Green River Police Department (GRPD), Green River, Wyoming. The report states that on December 29, 2005, officers of the GRPD responded to a report of a domestic disturbance at the Flaming Gorge Motel in Green River, Wyoming.

4. After responding to the motel, the officers contacted the occupants in Room 215, Jane Doe 1 and **JAMES ALAN FRASER** (hereinafter **FRASER**). During the investigation, Jane Doe 1 told the officers she had been beaten by **FRASER**. Before going to the hospital for medical treatment, Jane Doe 1 gave the officers permission to search for firearms inside the room.

5. The officers from the GRPD located and recovered three firearms inside the motel room. **FRASER** told the officers he was prohibited from possessing firearms because he was a convicted felon. In addition, officers discovered in the motel room paraphernalia commonly used to smoke methamphetamine.

6. On January 19, 2006, Affiant interviewed **FRASER**, who was in custody at the

Sweetwater County Jail in Rock Springs, Wyoming. Affiant provided **FRASER** with his Miranda Advisory and **FRASER** agreed to an interview.

7. **FRASER** stated he and Jane Doe 1 had recently been residing in Room 215 of the Flaming Gorge Motel, Green River, Wyoming. **FRASER** admitted he and Jane Doe 1 had been using approximately an "8-Ball" (approximately 3.5 grams) of methamphetamine per day. **FRASER** said that he was trying to kick the habit he had developed for methamphetamine, and that he had been clean four days at the time of his arrest on December 29, 2005.

8. Affiant asked **FRASER** about the firearms recovered by the GRPD. **FRASER** admitted that there were two rifles in the kitchen and a handgun in the living room. **FRASER** claimed the rifles belonged to a female, Jane Doe 2, for whom he gave a first name and to whom he had previously loaned money. Jane Doe 2 had given the rifles to **FRASER** as collateral for the debt. **FRASER** claimed he loaned money to Jane Doe 2 several times, and each time had received the rifles as collateral.

9. **FRASER** admitted the handgun, recovered by the GRPD had been purchased from a male, John Doe 1, who he named. **FRASER** admitted he purchased the handgun from John Doe 1 for $100 cash. **FRASER** gave the pistol, which he described as a .22 caliber magnum, to Jane Doe 1 for protection. The revolver, which he believed was a single action Ruger, came with interchangeable cylinders.

10. **FRASER** went on to describe the rifles which he had received from Jane Doe 2. One of the rifles was a Marlin, .30-30 caliber lever action. The other was a Savage, .30-30 caliber bolt

action rifle. **FRASER**, who had observed there was no serial number on the Savage, took the firearm apart, searching for a serial number.

11. **FRASER** admitted he was not supposed to be in the possession of firearms because he is a convicted felon. He admitted he has a felony conviction in Reno, Washoe County, Nevada in either 1994 or 1995 for stolen property or burglary. **FRASER** was sentenced to 10 years in prison for that conviction, however, he was initially granted a "boot camp" for 6 months. **FRASER** told Affiant that after 8 days he violated the conditions and went to prison for 4 years of his 10 year sentence.

12. On January 19, 2006, Affiant received from the GRPD the firearms and ammunition recovered from the Flaming Gorge Motel room. Affiant received:

> Savage, Model 340C, .30-30 caliber, bolt action rifle, no visible serial number
>
> Marlin, Model 30 TK, .30-30 caliber lever action rifle, serial number 11079580
>
> Heritage Mfg, Model Rough Rider, .22 (magnum) caliber, single action revolver, serial number B84421
>
> 6 rounds of .22 magnum ammunition, Sellier and Bellot, Prague Czechoslovakia.

13. Affiant provided Special Agent Matt Long a description of the firearms and ammunition. Agent Long is the interstate nexus person for the Cheyenne ATF field office. He has received general and specific instruction in recognizing and identifying firearms and ammunition and their place of manufacture. He has received this training at the Federal Law Enforcement Training Center's Criminal Investigation Training Program and at the ATF National Academy in Glynco,

Georgia. In addition, at the ATF Firearms Interstate Nexus Training in Martinsburg, West Virginia, he has received advanced training in firearms classification and location of manufacture.

14. Based on the description, his experience, knowledge, and research, it is Special Agent Long's opinion that the above listed firearms and ammunition were not manufactured in the State of Wyoming and therefore, the firearms and ammunition affected interstate commerce prior to being in the possession of **JAMES ALAN FRASER** in the District of Wyoming.

**FURTHER THIS AFFIANT SAYETH NOT.**

06M19J

# PENALTY SUMMARY

**DATE:** February 7, 2006

**DEFENDANT NAME:** JAMES ALAN FRASER

**OFFENSE AND PENALTIES:**

| | | |
|---|---|---|
| **OFFENSE:** | **Count 1:** | 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Felon in Possession of a Firearm) |
| **PENALTIES:** | | NMT 10 YEARS IMPRISONMENT<br>NMT $250,000.00 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT<br>Class C Felony |
| **TOTALS:** | | NMT 10 YEARS IMPRISONMENT<br>NMT $250,000.00 FINE<br>3 YEARS SUPERVISED RELEASE<br>$100 SPECIAL ASSESSMENT |

**AGENT:** Michael T. Nallin, ATF     **AUSA:** Gregory A. Phillips

**ESTIMATED TIME OF TRIAL:**     **INTERPRETER NEEDED:**

✓ five days or less        ___ Yes
___ over five days         ✓ No
___ other

**THE GOVERNMENT:**

✓ will

___ will not

**SEEK DETENTION IN THIS CASE.**

___ The court should not grant bond because the Defendant is not bondable because there are detainers from other jurisdictions